## Commonwealth v. Keiffer

*Jay L. Benedict,* for Commonwealth.

*George C. Eppinger,* for defendant.

DEPUY, P. J., April 15, 1965.—Defendant, Ralph C. Keiffer, was charged by an officer of the State Police before Justice of the Peace Mabel Shoemaker, of this county, with operating a Chevrolet sedan bearing 1958 Pennsylvania registration no. J50604 on Route 30 (Lincoln Highway) at the rate of 63 miles per hour in a 50-mile zone on the basis of radar detection on July 16, 1964.

Defendant waived the case to court for hearing.

Testimony of the police officer established that defendant, operating a black Chevrolet sedan, was clocked at 63 miles an hour when passing through a radar check point in Greene Township in this county. Defendant testified that when asked by the officer for his license cards, he produced a white registration card from the glove compartment of his car and handed it to the officer, that the officer stated it was of the wrong color, that defendant then thumbed through his billfold which contained many cards, that the officer pointed out a card which was of the correct color, that defendant handed the card to the officer who wrote down from it the information desired.

Defendant testified further that on learning of the prosecution, he noted that the vehicle registration number shown was J50604. He testified this was not the number of his black Chevrolet sedan which he was driving on the particular occasion, license no. J50605, but was for a green Chevrolet sedan which he also owned.

Following the testimony, defendant sought dismissal of the case on the basis that the Commonwealth, having charged him with operating a specific vehicle bearing license number J50604, was under the absolute duty of proving that he was operating such a vehicle at the time of the offense, and that since no such proof was offered the prosecution should be dismissed.

The Commonwealth argued that the essence of any charge under The Vehicle Code of April 29, 1959, P. L. 58, sec. 1002(b), as amended, 75 PS §1002(b)(6), is the operating of a motor vehicle at an excessive speed and that the type of car involved is immaterial. The court adopted this view and found defendant guilty. Defendant moved in arrest of judgment, the motion now before us.

As the testimony at the hearing was not taken down, counsel have agreed on a written statement of facts which is before us as the record raising the issue argued by defendant.

The Vehicle Code, at section 1002(b), provides:

"Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful:

". . .

"(6) Fifty (50) miles an hour speed limit: All vehicles, except those otherwise restricted by this act to lower maximum speeds and except as provided in clauses (7) and (9)."

Defendant at the argument repeated his earlier contention that whatever the Commonwealth alleges in a

prosecution, it must prove. He concedes that the gist of the present offense is excessive speed, but asserts further that the officer, having averred, as is customary, the specific vehicle used by defendant, must prove this fact at the trial. As an additional argument, defendant contends that the elementary requirement of fairness and of knowing what he will be required to meet entitle a prosecuted operator to expect, when preparing his defense, that the Commonwealth's proof will adhere to its allegations and that defendant cannot be called upon at the hearing to meet some entirely new or novel charge. It is well known in civil or criminal cases that any important variance between allegation and proof is fatal to the cause.

Whatever the charge against a defendant in criminal court, the Commonwealth must present proof of every element necessary to establish the offense. In the modern era, most of the problems of insufficient averment in a charge of misdemeanor or felony have been resolved by wide extension of the power of the Commonwealth to seek amendment at or before trial.

In case of the motor offenses, the basic difficulty is that the Commonwealth and the court are constricted within a highly artificial and narrow period allowed by the legislature in which to file the prosecution in the first place, namely 15 days after the event; and no time is thus available in which to make amendments. If some mistake has occurred, there is no period in which the Commonwealth may ask for amendment. Justices of the peace being human and hence fallible, there are many drafting errors which the courts are without power to correct.

In the supposed interest of the motorist-voter, the legislature has thus severely straightjacketed the police and the prosecution. An enlargement of the 15-day period is badly needed for the benefit of society at

large and the endangered citizen on the highways in particular.

The Commonwealth argues here that there is no necessity or value in requiring that the prosecution state what kind of motor vehicle a defendant was operating and that such a statement, however customary its use may be in the prosecutions, is actually surplusage which the Commonwealth is not required to prove. No decision in the trial or appellate courts adopting this view has, however, been cited.

Defendant relies on Commonwealth v. Nicholas, 69 D. & C. 20, where defendant was charged with speeding. In the information, defendant's name was given as "Nicholas" and the correct name was "Nichols", as appeared on the operator's license. The court, declining to apply the doctrine of idem sonans, granted a motion to quash the information. Defendant argues that, on parity of reasoning, if the Commonwealth, having named a certain offender, must prove that a person of that exact name committed the offense, the Commonwealth, having named a certain vehicle, must prove that that vehicle was used in the offense. We doubt that the simile is apt.

In the present instance, a mistake was made when the officer copied information from the wrong registration card. Defendant carried two cards and owned two cars. The error may well have been made by defendant when offering the cards to the officer, or may be chargeable to both persons. Defendant argues that the Commonwealth, having undertaken to set forth the identity of defendant's vehicle, is bound to prove it. As a practical matter, it appears defendant here has not shown that he was misled or harmed in any degree by the mistake in the vehicle license number.

It is our view that no vehicle need be specified in the officer's information, because the essence of the offense is speeding, regardless of what vehicle was used. On

parallel reasoning, Judge Jacobs in Commonwealth v. Martin, 15 Cumb. 97, held it sufficient to charge reckless driving in the language of The Vehicle Code, without specifying whose life, limb or property was endangered, or any other details aside from the place and time of the offense.

At the same time, we suggest it is the duty of the legislature to enlarge the statute of limitations on summary convictions so that the Commonwealth, in conformity with modern practice, as in case of misdemeanor or felony, can move for amendment when necessary, as in other criminal cases.

Now, April 15, 1965, motion in arrest of judgment is denied, and defendant is ordered to appear for sentence when called by the district attorney. Exception granted to defendant.